**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Chapter 11 |
| RIVERBEND FOODS LLC, | Case No. 19-24114-GLT |
| Debtor. | |
| RIVERBEND FOODS LLC, | |
| Movant, | |
| v. | |
| No Respondents | |

**DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| RIVERBEND FOODS LLC, | Case No. 19-24114-GLT |
| Debtor. | |
| RIVERBEND FOODS LLC, | |
| Movant, | |
| v. | |
| No Respondents | |

## GLOBAL NOTES TO SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS

**Riverbend Foods LLC ("Riverbend Foods"** or the **"Debtor")** and debtor in possession in the above-captioned chapter 11 case, with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statement of Financial Affairs (the "**Statement**," and together with the Schedules the "**Schedules and Statement**") with the United States Bankruptcy Court for the Western District of Pennsylvania (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtor's Schedules and Statement. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statement.

The Schedules and Statement do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of the Debtor. Additionally, the Schedules and Statement contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtor's reasonable best efforts to report the assets and liabilities of the Debtor.

In preparing the Schedules and Statement, the Debtor relied upon information derived from its books and records that were available at the time of such preparation. Although the Debtor has made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statement. Accordingly, the Debtor

reserves all of its rights to amend, supplement, or otherwise modify the Schedules and Statement as is necessary and appropriate.

Mr. Dalton Edgecomb has signed the Schedules and Statement. Mr. Edgecomb is the Debtor's Chief Restructuring Officer and an authorized signatory for the Debtor. In reviewing and signing the Schedules and Statement, Mr. Edgecomb necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtor and its advisors. Mr. Edgecomb has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statement, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## <u>Global Notes and Overview of Methodology</u>

**1.** <u>**Reservation of Rights**</u>. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statement; however, inadvertent errors or omissions may exist. The Debtor reserves all rights to amend or supplement the Schedules and Statement from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statement with respect to claim ("**Claim**") description or designation; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statement as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Accordingly, any failure to designate a Claim in the Schedules and Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against the Debtor. Furthermore, nothing contained in the Schedules and Statement shall constitute a waiver of rights with respect to the Debtor's chapter 11 case, including, without limitation, issues involving Claims, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtor shall not be required to update the Schedules and Statements except as may be required by the Bankruptcy Code or by applicable law, or as ordered by the Bankruptcy Court.

**2.** <u>**Description of Case and "as of" Information Date**</u>. On October 22, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The asset information provided herein, except as otherwise noted, represents the asset data of the Debtor as of the Petition Date and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtor as of the close of business on October 22, 2019.

**3.** <u>**Net Book Value of Assets**</u>. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtor to obtain current market valuations for all of its assets. Accordingly, unless otherwise indicated, the Debtor's Schedules and Statement reflect net book values as of June 30th, 2019. Furthermore, assets that have fully depreciated or were expensed

for accounting purposes do not appear in these Schedules and Statement as they have no net book value.

4.    **Recharacterization**. Notwithstanding the Debtor's reasonable best efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statement, the Debtor may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtor's business. Accordingly, the Debtor reserves all of its rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statement at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

5.    **Liabilities**. The Debtor reserves all of its rights to amend, supplement or otherwise modify the Schedules and Statement as is necessary or appropriate. The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtor reserves all of its rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

6.    **Excluded Assets and Liabilities**. The Debtor has excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statement, including, without limitation, accrued salaries, employee benefit accruals, and deferred gains. In addition, certain immaterial assets and liabilities may have been excluded.

7.    **Insiders**. Solely, for purposes of the Schedules and Statement, the Debtor defines "insiders" to include the following: (a) directors and officers; (b) executives; (c) equity holders holding in excess of 10% of the membership interests of the Debtor; (d) non-Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtor).

Persons listed as "insiders" have been included for informational purposes only. The Debtor does not take any position with respect to: (a) such person's influence over the control of the Debtor; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

8.    **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

9.    **Executory Contracts**. Although the Debtor has made diligent attempts to identify executory contracts, the Debtor may have inadvertently failed to do so due to the fact that only

nine full time employees remained with the Debtor at the time of filing.  Accordingly, the Debtor reserves all of its rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

10.    **Classifications**. Listing a Claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the Claimant or a waiver of the Debtor's rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

11.    **Claims Description**. Schedules D, E, and F permit the Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtor reserves all of its rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statement on any grounds, including liability or classification. Additionally, the Debtor expressly reserves all of its rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

12.    **Causes of Action**. Despite its reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third-parties as assets in the Schedules and Statement, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") it may have, and neither these Global Notes nor the Schedules and Statement shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

13.    **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

      a.    <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

      b.    <u>Totals</u>. All totals that are included in the Schedules and actual total may be different than the listed total.

c. <u>Excluded Assets and Liabilities</u>. The Debtor has excluded certain accrued liabilities, including accrued salaries and employee benefits from the Schedules and Statement. Certain other immaterial assets and liabilities may also have been excluded.

d. <u>Liens</u>. Equipment listed in the Schedules and Statement are presented without consideration of any liens that may attach (or have attached) to such equipment.

14. **Estimates**. To prepare and file the Schedules in accordance with the deadline established in the bankruptcy case, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtor reserves all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

15. **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. Dollars.

16. **Setoffs**. The Debtor incurs certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, pricing discrepancies, returns, warranties, and other disputes between the Debtor and their suppliers and customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtor's industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Debtor's Schedules and Statement.

17. **Employee Addresses**. Certain employee, former employee, current director, and former directors' addresses have been reported as the Debtor's business address or their respective business addresses throughout the Schedules and Statement, where applicable.

18. **Fiscal Year.** The Debtor operates under a fiscal year ending December 31. Unless otherwise indicated, all references to "annual," "annually," "year," "years," or an otherwise similar length of time are presumed to refer to a period of time ending December 31 of the referenced period or periods.

19. **Global Notes Control**. In the event that the Schedules and Statement differ from the foregoing Global Notes, the Global Notes shall control.

### **Specific Disclosures with Respect to the Debtor's Schedules**

**Schedules A/B**.

<u>Line 2</u>. Cash values held in operating financial accounts are listed as of October 22, 2019. Cash values held in escrow and pension funding accounts are listed as of September 30, 2019.

<u>Lines 41 and 50</u>. Office equipment and machinery and equipment are listed as of June 30, 2019 the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

Line 60. Patents, Trademarks, and other Intellectual Property are listed as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

Line 62. Licenses and royalties are listed as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

Line 73. Interests in insurance proceeds is listed as unknown at this time. The Debtor is expecting that they will receive a refund on its workers compensation policy.

**Schedule D**. Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtor reserves its rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D. Moreover, although the Debtor has scheduled Claims of various creditors as secured Claims, the Debtor reserves all of its rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. The descriptions provided on Schedule D are solely intended to be a summary—and not an admission—of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtor reserve all rights to amend Schedule D to the extent that the Debtor determines that any Claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtor of the legal rights of the Claimant or a waiver of the Debtor's rights to recharacterize or reclassify such Claim or contract.

Moreover, the Debtor has not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. The amounts outstanding under the Debtor's prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

**Schedule E**. The Debtor is seeking authorization by order of the Bankruptcy Court to pay certain prepetition liabilities, including the authority to pay employee wages and other employee benefits in the ordinary course of business (the "Interim Order (I) Authorizing Debtor to Pay Pre-Petition Wages, Salaries, and Benefits, (II) Authorizing Debtor to Maintain Employee Benefit Programs in the Ordinary Course of Business, and (III) Authorizing All Banks to Honor Pre-Petition Checks for Payment of Pre-Petition Wage, Salary and Benefit Obligations") [Docket No. 51]. As a result of this order, the Debtor believes that any current employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such amounts are not listed on Schedule E.

The listing of any claim on Schedule E does not constitute an admission by the Debtor that such claim is entitled to priority treatment under 11 U.S.C. § 507. The Debtor reserves its right to dispute the priority status of any claim on any basis. Moreover, the listing of any tax claim on Schedule E is not an admission or designation by the Debtor that such claim is a prepetition tax claim. The Debtor reserves its right to treat any of these claims as post-petition claims.

**Schedule F**. The Debtor has used best reasonable efforts to report all general unsecured Claims against the Debtor on Schedule F based upon the Debtor's existing books and records as of the Petition Date. The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtor's books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtor has made every effort to include as a contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtor's open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

The Claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each Claim, determining the date upon which each Claim on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor does not list a date for each Claim listed on Schedule F. The Debtor may pay Claims listed on Schedule F during this chapter 11 case pursuant to orders of the Bankruptcy Court and reserve all of their rights to update Schedule F to reflect such payments.

Schedule F contains information regarding pending litigation involving the Debtor. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statement. Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative. Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtor's liabilities with respect to any of the potential suits and proceedings included therein.

**Schedule G**. Although the Debtor's existing books, records and financial systems have been relied upon to identify and schedule executory contracts and diligent efforts have been made to ensure the accuracy of the Debtor's Schedule G, inadvertent errors, omissions or over-inclusions may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtor's reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtor hereby reserves all of its rights

to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. Certain confidentiality and non-compete agreements may not be listed on Schedule G. The Debtor reserves all rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtor expressly reserves rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the Debtor and such supplier or provider.

The Debtor reserves all rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

In addition, the Debtor may have entered into various other types of agreements in the ordinary course of business, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, indemnity agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The listing of any contract on Schedule G does not constitute an admission by the Debtor as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtor reserves all of its rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**. For purposes of Schedule H, the Debtor's non-debtor affiliates that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtor may not have identified certain guarantees associated with the Debtor's executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtor reserves its rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

### Specific Disclosures with Respect to the Debtor's Statements

**SOFA Part 2, Question 6**. See the previous discussion of setoff processing in paragraph 16 above.

**SOFA Part 13, Question 26**. Over the course of winding down the operations of the Debtor, all of the members of the finance group were either terminated or resigned by July 31, 2019.  As such, June 30, 2019 represents the last time that the books were closed.  Since that time, the remaining employees and advisors have focused on asset sales and monetize the remaining inventory and accounts receivable in order to maximize the value of the Debtor's assets for the benefit of its creditors.

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**Fill in this information to identify the case:**

Debtor name  Riverbend Foods, LLC

United States Bankruptcy Court for the:  Western   District of  Pennsylvania
(State)

Case number (If known):  19-24114

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |

1. **Gross revenue from business**

   ☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 1/01/2019<br>MM / DD / YYYY | to Filing date | ☑ Operating a business<br>☐ Other _____ | $ 70,421,069 |
| **For prior year:** | From 1/01/2018<br>MM / DD / YYYY | to 12/31/2018<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 158,397,994 |
| **For the year before that:** | From 5/22/2017<br>MM / DD / YYYY | to 12/31/2017<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 121,796,151 |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☑ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____<br>MM / DD / YYYY | to Filing date | _____ | $ _____ |
| **For prior year:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | _____ | $ _____ |
| **For the year before that:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | _____ | $ _____ |

| Debtor | Riverbend Foods, LLC | Case number (if known) 19-24114 |
|---|---|---|
| | Name | |

---

**Part 2:**    List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**

   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | See attached Rider 2.3 | _____ | $_____ | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | Street | _____ | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City          State        ZIP Code | _____ | | ☐ Other _____ |
| 3.2. | | | $_____ | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City          State        ZIP Code | | | ☐ Other _____ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | See attached Rider 2.4 | _____ | $_____ | _____ |
| | Insider's name | | | _____ |
| | Street | _____ | | |
| | | | | _____ |
| | City          State        ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 4.2. | | | $_____ | _____ |
| | Insider's name | | | _____ |
| | Street | | | |
| | | | | _____ |
| | City          State        ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

| Debtor | Riverbend Foods, LLC | Case number *(if known)* 19-24114 |
|---|---|---|
| | Name | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | | | | $ |
| | Creditor's name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| 5.2. | | | | $ |
| | Creditor's name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | $ |
| Creditor's name | | | |
| Street | | | |
| City          State          ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

---

**Part 3:   Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | See attached Rider 3.7 | | | ☐ Pending |
| | | | Name | ☐ On appeal |
| | Case number | | Street | ☐ Concluded |
| | | | City          State          ZIP Code | |
| 7.2. | Case title | | Court or agency's name and address | ☐ Pending |
| | | | Name | ☐ On appeal |
| | Case number | | Street | ☐ Concluded |
| | | | City          State          ZIP Code | |

Debtor    Riverbend Foods, LLC
_____
Name

Case number *(if known)* 19-24114
_____

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | _____ | $_____ |
| Custodian's name | **Case title** | **Court name and address** |
| Street | _____ | Name |
| | **Case number** | Street |
| City          State      ZIP Code | _____ | City          State      ZIP Code |
| | **Date of order or assignment** | |
| | _____ | |

## Part 4:  Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1. | Recipient's name | _____ | _____ | $_____ |
| | Street | _____ | | |
| | City          State      ZIP Code | | | |
| | **Recipient's relationship to debtor** | | | |
| | _____ | | | |
| 9.2. | Recipient's name | _____ | _____ | $_____ |
| | Street | _____ | | |
| | City          State      ZIP Code | | | |
| | **Recipient's relationship to debtor** | | | |
| | _____ | | | |

## Part 5:  Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| _____ | _____ | _____ | $_____ |

Debtor   Riverbend Foods, LLC _____     Case number (if known) 19-24114
            Name

| Part 6: | Certain Payments or Transfers |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1.   See attached Rider 6.11 | | _____ | $_____ |
| **Address** | | | |
| Street | | | |
| City        State    ZIP Code | | | |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.2. | | _____ | $_____ |
| **Address** | | | |
| Street | | | |
| City        State    ZIP Code | | | |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | _____ | $_____ |
| **Trustee** | | | |

Debtor    Riverbend Foods, LLC
_____    Case number (if known)_19-24114_____
          Name

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | See attached Rider 6.13 | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | Street | | | |
| | City          State      ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 13.2. | **Who received transfer?** | _____ | _____ | $_____ |
| | _____ | _____ | | |
| | **Address** | | | |
| | Street | | | |
| | City          State      ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

---

**Part 7:    Previous Locations**

---

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| | Address | | | Dates of occupancy | |
|---|---|---|---|---|---|
| 14.1. | _____ | | | From _____ | To _____ |
| | Street | | | | |
| | City          State      ZIP Code | | | | |
| 14.2. | _____ | | | From _____ | To _____ |
| | Street | | | | |
| | City          State      ZIP Code | | | | |

Debtor    Riverbend Foods, LLC
_____
Name

Case number (*if known*) 19-24114
_____

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____<br>Facility name | _____<br>_____ | _____ |
| _____<br>Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| _____<br>City        State        ZIP Code | _____<br>_____ | *Check all that apply:*<br>☐ Electronically<br>☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.2. _____<br>Facility name | _____<br>_____ | _____ |
| _____<br>Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| _____<br>City        State        ZIP Code | _____<br>_____ | *Check all that apply:*<br>☐ Electronically<br>☐ Paper |

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☑ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| See attached Rider 9.17 | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

Has the plan been terminated?

☑ No

☐ Yes

| Debtor | Riverbend Foods, LLC | Case number *(if known)* 19-24114 |
|---|---|---|
| | Name | |

---

| **Part 10:** | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | _____ Name<br>_____ Street<br>_____<br>City          State          ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |
| 18.2. | _____ Name<br>_____ Street<br>_____<br>City          State          ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ Name<br>_____ Street<br>_____<br>City          State          ZIP Code | _____<br>_____<br>_____<br>**Address**<br>_____<br>_____ | _____<br>_____<br>_____ | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| See attached Rider 10.20<br>Name<br>_____ Street<br>_____<br>City          State          ZIP Code | _____<br>_____<br>_____<br>**Address**<br>_____<br>_____ | _____<br>_____<br>_____ | ☐ No<br>☐ Yes |

---

| Debtor | Riverbend Foods, LLC | Case number *(if known)* 19-24114 |
|---|---|---|
| | Name | |

---

| **Part 11:** | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☐ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| See attached rider 11.21 | _____ | _____ | $_____ |
| Name | | | |
| _____ | _____ | _____ | |
| Street | | | |
| _____ | | | |
| City          State          ZIP Code | | | |

---

| **Part 12:** | **Details About Environmental Information** |
|---|---|

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | | _____ | ☐ Pending |
| **Case number** | Name | _____ | ☐ On appeal |
| _____ | _____ | _____ | ☐ Concluded |
| | Street | | |
| | _____ | | |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | _____ | _____ |
| Name | Name | _____ | |
| _____ | _____ | _____ | |
| Street | Street | | |
| _____ | _____ | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

Debtor    Riverbend Foods, LLC
_____
Name

Case number (if known) 19-24114

---

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ Name | _____ Name | _____ | _____ |
| _____ Street | _____ Street | _____ | |
| _____ City          State      ZIP Code | _____ City          State      ZIP Code | | |

---

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | _____ Name _____ _____ Street _____ _____ City      State    ZIP Code | _____ _____ _____ | EIN: __ __ – __ __ __ __ __ __ __ Dates business existed From _____ To _____ |
| 25.2. | _____ Name _____ _____ Street _____ _____ City      State    ZIP Code | _____ _____ _____ | EIN: __ __ – __ __ __ __ __ __ __ Dates business existed From _____ To _____ |
| 25.3. | _____ Name _____ _____ Street _____ _____ City      State    ZIP Code | _____ _____ _____ | EIN: __ __ – __ __ __ __ __ __ __ Dates business existed From _____ To _____ |

---

Debtor    Riverbend Foods, LLC
_____
Name

Case number *(if known)* 19-24114
_____

---

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. See attached Rider 13.26a<br>Name<br><br>Street<br><br>City                    State            ZIP Code | From _____ To _____ |
| 26a.2. <br>Name<br><br>Street<br><br>City                    State            ZIP Code | From _____ To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1. BDO Global<br>Name<br>339 Sixth Avenue<br>Street<br><br>Pittsburgh            PA            15222<br>City                    State            ZIP Code | From 2017 To 2019 |
| 26b.2. <br>Name<br><br>Street<br><br>City                    State            ZIP Code | From _____ To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. Winter Harbor LLC<br>Name<br>265 Franklin Street, 10th Floor<br>Street<br><br>Boston            MA            02110<br>City                    State            ZIP Code | _____<br>_____<br>_____ |

---

Debtor      Riverbend Foods, LLC
_____
Name

Case number (if known)___19-24114___

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2.  BDO Global | _____ |
| Name | |
| 339 Sixth Avenue | _____ |
| Street | |
| | _____ |
| Pittsburgh                    PA                    15222 | |
| City                    State                    ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.  PNC Bank, N.A. |
| Name |
| 300 Fifth Avenue |
| Street |
| The Tower at PNC Plaza |
| Pittsburgh                    PA                    15222 |
| City                    State                    ZIP Code |

| Name and address |
|---|
| 26d.2.  _____ |
| Name |
| _____ |
| Street |
| _____ |
| City                    State                    ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No
☑ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| See attached rider 13.27 | _____ | $_____ |

| Name and address of the person who has possession of inventory records | | |
|---|---|---|
| 27.1.  _____ | | |
| Name | | |
| _____ | | |
| Street | | |
| _____ | | |
| City                    State                    ZIP Code | | |

Debtor     Riverbend Foods, LLC
           _____          Case number (if known) 19-24114
           Name

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |
| **Name and address of the person who has possession of inventory records** | | |

27.2.
_____
Name

_____
Street

_____
City                                State          ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See attached Rider 13.28 | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**
☐ No
☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| See attached Rider 13.29 | _____ | _____ | From ____ To ____ |
| _____ | _____ | _____ | From ____ To ____ |
| _____ | _____ | _____ | From ____ To ____ |
| _____ | _____ | _____ | From ____ To ____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?
☐ No
☒ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. See attached Rider 13.30 | _____ | _____ | _____ |
| Name | | | |
| _____ | | | |
| Street | | _____ | |
| _____ | | | |
| City          State     ZIP Code | | _____ | |
| **Relationship to debtor** | | | |
| _____ | | _____ | |

Debtor    Riverbend Foods, LLC
_____
Name

Case number (if known) 19-24114
_____

**Name and address of recipient**

30.2

Name
_____

Street
_____

City                State        ZIP Code
_____

**Relationship to debtor**
_____

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**
☐ No
☑ Yes. Identify below.

**Name of the parent corporation**

Riverbend Investment Holdings LLC

**Employer Identification number of the parent corporation**

EIN: 8  2 – 1  2  7  3  8  5  9

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**
☐ No
☑ Yes. Identify below.

**Name of the pension fund**
See attached Rider 13.32

**Employer Identification number of the pension fund**

EIN: __ __ – __ __ __ __ __ __ __

---

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    10  / 30 / 2019
              MM / DD / YYYY

✗ _____
Signature of individual signing on behalf of the debtor

Printed name  Dalton Edgecomb

Position or relationship to debtor  Chief Restructuring Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☐ No
☑ Yes

Debtor: **Riverbend Foods, LLC**                                    Case number (if known): **19-24114**

| Part 2: | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers, including expense reimbursements, to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | | Reasons for payment or transfer |
|---|---|---|---|---|---|
| 3.1 | 300 OWNER LP<br>1613 WALNUT ST FL 2<br>PHILADELPHIA, PA 19103 | VARIOUS | SUBTOTAL | $11,063.36<br>$11,063.36 | OTHER |
| 3.2 | ADP<br>15 WATERVIEW BLVD<br>PARSIPPANY, NJ 07054 | VARIOUS | SUBTOTAL | $61,284.04<br>$61,284.04 | SERVICES |
| 3.3 | ALLEGHENY COUNTY HEALTH DEPT<br>955 RIVERMONT DRIVE<br>PITTSBURGH, PA 15207-1347 | VARIOUS | SUBTOTAL | $12,412.51<br>$12,412.51 | SERVICES |
| 3.4 | AMERICAN EXPRESS<br>PO BOX 1270<br>NEWARK, NJ 07101-1270 | VARIOUS | SUBTOTAL | $10,300.76<br>$10,300.76 | SUPPLIERS OR VENDORS |
| 3.5 | AON RISK SERVICES<br>1600 SUMMER ST<br>STAMFORD, CT 06907-4907 | VARIOUS | SUBTOTAL | $221,292.80<br>$221,292.80 | SERVICES |
| 3.6 | BECK, CHAET, BANBERGER & POLSKY<br>TWO PLAZA EAST, SUITE 1085<br>330 EAST KILBOURN AVE<br>MILWAUKEE, WI 53202 | VARIOUS | SUBTOTAL | $20,000.00<br>$20,000.00 | SERVICES |
| 3.7 | BMC GROUP, INC.<br>3732 WEST 120TH STREET<br>HAWTHORNE, CA 90210 | 9/25/2019 | SUBTOTAL | $15,000.00<br>$15,000.00 | SERVICES |
| 3.8 | BRACEWELL LLP<br>711 LOUISIANA STREET<br>SUITE 2300<br>HOUSTON, TX 77002-2770 | 9/20/2019 | SUBTOTAL | $19,336.50<br>$19,336.50 | SERVICES |
| 3.9 | CATCH-UP LOGISTICS<br>CONNIE DECKER<br>211 HUFF AVENUE<br>SUITE G<br>GREENSBURG, PA 15601 | VARIOUS | SUBTOTAL | $147,779.46<br>$147,779.46 | SERVICES |

*Prepared by BMC Group on 10/23/2019*

Debtor: **Riverbend Foods, LLC**                                                    Case number (if known): **19-24114**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers⸲including expense reimbursements⸲to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | | Reasons for payment or transfer |
|---|---|---|---|---|---|
| 3.10 | CHEP USA<br>15226 COLLECTIONS CTR DR<br>CHICAGO, IL  60693 | VARIOUS | SUBTOTAL | $15,427.12<br>$15,427.12 | SUPPLIERS OR VENDORS |
| 3.11 | CISCO SYSTEMS CAPITAL CRP<br>1111 OLD EAGLE SCHOOL RD<br>WAYNE, PA  19087-1453 | 8/1/2019 | SUBTOTAL | $7,948.21<br>$7,948.21 | SUPPLIERS OR VENDORS |
| 3.12 | CLARK HILL PLC<br>500 WOODWARD AVE<br>SUITE 3500<br>DETROIT, MI  48226 | VARIOUS | SUBTOTAL | $99,032.66<br>$99,032.66 | SERVICES |
| 3.13 | CLIMA TECH INC<br>MARY PAVILONIS<br>200 BILMAR DR<br>PITTSBURGH, PA  15205-4601 | 7/25/2019 | SUBTOTAL | $8,002.08<br>$8,002.08 | SUPPLIERS OR VENDORS |
| 3.14 | COMMONWEALTH WAREHOUSING<br>SERVICES, LLC<br>2920 NEW BEAVER AVE<br>PITTSBURGH, PA  15233 | VARIOUS | SUBTOTAL | $465,476.09<br>$465,476.09 | SERVICES |
| 3.15 | COOPER WILLIAMS<br>170 SOUTH MAIN STREET, SUITE 800<br>SALT LAKE CITY, UT  84101 | 10/11/2019 | SUBTOTAL | $7,500.00<br>$7,500.00 | SERVICES |
| 3.16 | DEACOM, INC<br>MARK MAZICH<br>601 LEE RD<br>CHESTERBROOK, PA  19087 | VARIOUS | SUBTOTAL | $22,952.97<br>$22,952.97 | SERVICES |
| 3.17 | DUQUESNE LIGHT COMPANY<br>411 SEVENTH AVE<br>PO BOX 1920<br>PITTSBURGH, PA  15230-1920 | VARIOUS | SUBTOTAL | $93,156.91<br>$93,156.91 | SUPPLIERS OR VENDORS |
| 3.18 | FIRE FIGHTER SALES & SERVICES<br>791 COMMONWEALTH DRIVE<br>WARRENDALE, PA  15086 | VARIOUS | SUBTOTAL | $6,957.00<br>$6,957.00 | SERVICES |

Debtor: **Riverbend Foods, LLC**                                                                  Case number (if known): **19-24114**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers¡including expense reimbursements¡to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | | Reasons for payment or transfer |
|---|---|---|---|---|---|
| 3.19 | GEORGE CHIALA FARMS INC<br>15500 HILL ROAD<br>MORGAN HILL, CA  95037 | VARIOUS<br><br>SUBTOTAL | $28,025.50<br>$28,025.50 | | SUPPLIERS OR VENDORS |
| 3.20 | HAVENS<br>3101 SW I STREET SUITE 67<br>BENTONVILLE, AR  72712 | VARIOUS<br><br>SUBTOTAL | $42,166.11<br>$42,166.11 | | SERVICES |
| 3.21 | HIGHMARK BLUE SHIELD<br>PO BOX 382146<br>PITTSBURGH, PA  15250 | VARIOUS<br><br>SUBTOTAL | $49,817.65<br>$49,817.65 | | SERVICES |
| 3.22 | J M ALTIMAR CO<br>JOE ALTIMAR<br>1600 PROVIDENCE HWY<br>STE 282<br>WALPOLE, MA  02081 | VARIOUS<br><br>SUBTOTAL | $7,329.66<br>$7,329.66 | | SERVICES |
| 3.23 | JB HUNT DEDICATED<br>4875 SUSQUEHANNA TRAIL<br>YORK, PA  17402 | VARIOUS<br><br>SUBTOTAL | $70,155.46<br>$70,155.46 | | SERVICES |
| 3.24 | LANER MUNCHIN, LTD<br>515 NORTH STATE ST<br>SUITE 2800<br>CHICAGO, IL  60654-4688 | VARIOUS<br><br>SUBTOTAL | $14,044.55<br>$14,044.55 | | SERVICES |
| 3.25 | MANNING GROSS MASSENBURG LLP<br>125 HIGH STREET<br>BOSTON, MA  02110 | 7/25/2019<br><br>SUBTOTAL | $22,080.07<br>$22,080.07 | | SERVICES |
| 3.26 | MCGUIREWOODS LLP<br>260 FORBES AVENUE<br>TOWER TWO-SIXTY<br>SUITE 1800<br>PITTSBURGH, PA  15222-3142 | VARIOUS<br><br>SUBTOTAL | $192,357.95<br>$192,357.95 | | SERVICES |
| 3.27 | PEOPLES<br>PO BOX 644760<br>PITTSBURGH, PA  15264-4760 | VARIOUS<br><br>SUBTOTAL | $32,267.26<br>$32,267.26 | | SUPPLIERS OR VENDORS |

*Prepared by BMC Group on 10/23/2019*

Debtor: **Riverbend Foods, LLC**                                                    Case number (if known): **19-24114**

| Part 2: | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | | Reasons for payment or transfer |
|---|---|---|---|---|---|
| 3.28 | PNC BANK<br>2100 ROSS AVENUE<br>SUITE 1850<br>DALLAS, TX 75201 | VARIOUS | SUBTOTAL | $15,664,863.01<br>$15,664,863.01 | SECURED DEBT |
| 3.29 | PWSA<br>TRACY WILLY<br>PO BOX 747055<br>PITTSBURGH, PA 15274-7055 | VARIOUS | SUBTOTAL | $276,049.04<br>$276,049.04 | OTHER |
| 3.30 | REGAL EQUIPMENT<br>4171 STATE RT 14<br>RAVENNA, OH 44266-9739 | VARIOUS | SUBTOTAL | $48,985.05<br>$48,985.05 | SERVICES |
| 3.31 | RESONANT TECHNOLOGY PARTNERS, LLC<br>16103 UNIVERSITY OAK<br>SUITE 100<br>SAN ANTONIO, TX 78249 | VARIOUS | SUBTOTAL | $28,916.64<br>$28,916.64 | SERVICES |
| 3.32 | RESOURCE ONE<br>1024 EXECUTIVE PARKWAY<br>SAINT LOUIS, MO 63141 | VARIOUS | SUBTOTAL | $776,437.25<br>$776,437.25 | SERVICES |
| 3.33 | RJW WAREHOUSE LLC<br>PO BOX 1309<br>BOLINGBROOK, IL 60440 | VARIOUS | SUBTOTAL | $187,166.25<br>$187,166.25 | SERVICES |
| 3.34 | ST. MORTIZ SECURITY SERVICES INC<br>BILL PROSSER<br>4600 CALIRTON BLVD<br>PITTSBURGH, PA 15236-2114 | VARIOUS | SUBTOTAL | $64,439.81<br>$64,439.81 | SERVICES |
| 3.35 | THE INDUSTRIAL FUMIGANT CO LLC<br>TAMMIE KJAR<br>13420 W 99TH ST<br>LENEXA, KS 66215-1365 | VARIOUS | SUBTOTAL | $25,452.89<br>$25,452.89 | SERVICES |
| 3.36 | UFCW LOCAL 1776 KS<br>3031A WALTON RD<br>STE 201<br>PLYMOUTH MEETING, PA 19462 | VARIOUS | SUBTOTAL | $16,753.88<br>$16,753.88 | OTHER |

---

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

*Prepared by BMC Group on 10/23/2019*

Debtor: **Riverbend Foods, LLC**                                    Case number (if known): **19-24114**

---

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers₁including expense reimbursements₁to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | | Reasons for payment or transfer |
|---|---|---|---|---|---|
| 3.37 | UFCW LOCAL 23 AND EMPLOYERS<br>345 SOUTHPOINTE BLVD STE 200<br>CANONSBURG, PA  15317-8571 | VARIOUS | $162,833.00 | | OTHER |
| | | | SUBTOTAL | $162,833.00 | |
| 3.38 | VERIZON<br>PO BOX 15124<br>ALBANY, NY  12212 | VARIOUS | $9,005.50 | | SUPPLIERS OR VENDORS |
| | | | SUBTOTAL | $9,005.50 | |
| 3.39 | WASTE MANAGEMENT<br>PO BOX 43470<br>PHOENIZ, AZ  85080 | VARIOUS | $9,642.66 | | SUPPLIERS OR VENDORS |
| | | | SUBTOTAL | $9,642.66 | |
| 3.40 | WINTER HARBOR LLC<br>265 FRANKLIN STREET<br>10TH FLOOR<br>BOSTON, MA  02110 | VARIOUS | $559,344.01 | | SERVICES |
| | | | SUBTOTAL | $559,344.01 | |
| | | | TOTAL | $19,533,055.67 | |

Debtor: **Riverbend Foods, LLC**                                              Case number (if known): **19-24114**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1 | BALKOVEC, BRAD D | 10/15/2018 | $5,961.63 | REGULAR EARNINGS |
| | 1080 RIVER AVE | 10/31/2018 | $5,961.64 | REGULAR EARNINGS |
| | PITTSBURGH, PA 15212 | 11/1/2018 | $885.15 | EXPENSE REIMBURSEMENT |
| | | 11/15/2018 | $5,961.64 | REGULAR EARNINGS |
| | **Relationship to debtor** | 11/30/2018 | $5,727.50 | REGULAR EARNINGS |
| | CHIEF FINANCIAL OFFICER | 12/12/2018 | $10.00 | EXPENSE REIMBURSEMENT |
| | | 12/15/2018 | $5,695.44 | REGULAR EARNINGS |
| | | 12/31/2018 | $6,543.13 | REGULAR EARNINGS |
| | | 1/14/2019 | $49.73 | EXPENSE REIMBURSEMENT |
| | | 1/15/2019 | $7,055.66 | REGULAR EARNINGS |
| | | 1/18/2019 | $50,880.14 | OTHER EARNINGS |
| | | 1/31/2019 | $7,105.63 | REGULAR EARNINGS |
| | | 2/15/2019 | $6,804.66 | REGULAR EARNINGS |
| | | 2/28/2019 | $6,804.67 | REGULAR EARNINGS |
| | | 3/15/2019 | $6,804.68 | REGULAR EARNINGS |
| | | 3/29/2019 | $6,804.67 | REGULAR EARNINGS |
| | | 4/15/2019 | $7,068.00 | REGULAR EARNINGS |
| | | 4/30/2019 | $7,366.52 | REGULAR EARNINGS |
| | | 5/15/2019 | $7,366.50 | REGULAR EARNINGS |
| | | 5/31/2019 | $7,366.51 | REGULAR EARNINGS |
| | | 6/11/2019 | $76.45 | EXPENSE REIMBURSEMENT |
| | | 6/14/2019 | $7,366.50 | REGULAR EARNINGS |
| | | 6/28/2019 | $7,366.52 | REGULAR EARNINGS |
| | | 7/15/2019 | $594.30 | REGULAR EARNINGS |
| | | **SUBTOTAL** | $173,627.27 | |

*Prepared by BMC Group on 10/23/2019*

Debtor: **Riverbend Foods, LLC**                                    Case number (if known): **19-24114**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.2 | HOOD, WILLIAM RICHARD | 10/15/2018 | $7,235.66 | REGULAR EARNINGS |
| | 1080 RIVER AVE | 10/31/2018 | $7,235.65 | REGULAR EARNINGS |
| | PITTSBURGH, PA 15212 | 11/15/2018 | $5,400.31 | REGULAR EARNINGS |
| | | 11/30/2018 | $7,844.22 | REGULAR EARNINGS |
| | **Relationship to debtor** | 12/15/2018 | $7,844.19 | REGULAR EARNINGS |
| | CHIEF OPERATING OFFICER | 12/18/2018 | $2,606.10 | EXPENSE REIMBURSEMENT |
| | | 12/31/2018 | $7,844.22 | REGULAR EARNINGS |
| | | 1/15/2019 | $11,337.41 | REGULAR EARNINGS |
| | | 1/18/2019 | $1,389.49 | EXPENSE REIMBURSEMENT |
| | | 1/18/2019 | $65,791.28 | OTHER EARNINGS |
| | | 1/31/2019 | $7,339.82 | REGULAR EARNINGS |
| | | 2/15/2019 | $7,339.80 | REGULAR EARNINGS |
| | | 2/19/2019 | $2,314.74 | EXPENSE REIMBURSEMENT |
| | | 2/28/2019 | $6,863.89 | REGULAR EARNINGS |
| | | 3/15/2019 | $6,863.88 | REGULAR EARNINGS |
| | | 3/29/2019 | $6,863.89 | REGULAR EARNINGS |
| | | 4/15/2019 | $6,846.72 | REGULAR EARNINGS |
| | | 4/30/2019 | $7,711.65 | REGULAR EARNINGS |
| | | 5/15/2019 | $8,137.41 | REGULAR EARNINGS |
| | | 5/31/2019 | $8,137.41 | REGULAR EARNINGS |
| | | 6/6/2019 | $139.95 | EXPENSE REIMBURSEMENT |
| | | 6/14/2019 | $8,144.98 | REGULAR EARNINGS |
| | | 6/28/2019 | $7,772.93 | REGULAR EARNINGS |
| | | 7/11/2019 | $247.58 | EXPENSE REIMBURSEMENT |
| | | 7/15/2019 | $7,235.65 | REGULAR EARNINGS |
| | | 7/31/2019 | $7,161.00 | REGULAR EARNINGS |
| | | 8/15/2019 | $7,404.32 | REGULAR EARNINGS |
| | | 8/30/2019 | $7,404.30 | REGULAR EARNINGS |
| | | 9/15/2019 | $46.71 | EXPENSE REIMBURSEMENT |
| | | 9/15/2019 | $7,404.39 | REGULAR EARNINGS |
| | | 9/30/2019 | $736.68 | EXPENSE REIMBURSEMENT |
| | | 9/30/2019 | $7,160.94 | REGULAR EARNINGS |
| | | 10/15/2019 | $7,160.94 | REGULAR EARNINGS |
| | | **SUBTOTAL** | $260,968.11 | |

*Prepared by BMC Group on 10/23/2019*

Debtor: **Riverbend Foods, LLC**                                                     Case number (if known): **19-24114**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
| --- | --- |

**4. Payments or other transfers of property made within 1 year before filing for bankruptcy that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
| --- | --- | --- | --- | --- |
| 4.3 | LAVAN, THOMAS | 10/15/2018 | $9,539.77 | REGULAR EARNINGS |
| | 1080 RIVER AVE | 10/31/2018 | $9,539.67 | REGULAR EARNINGS |
| | PITTSBURGH, PA 15212 | 11/13/2018 | $358.46 | EXPENSE REIMBURSEMENT |
| | | 11/15/2018 | $9,539.68 | REGULAR EARNINGS |
| | **Relationship to debtor** | 11/30/2018 | $9,539.67 | REGULAR EARNINGS |
| | CHIEF EXECUTIVE OFFICER | 12/7/2018 | $191.68 | EXPENSE REIMBURSEMENT |
| | | 12/15/2018 | $9,539.68 | REGULAR EARNINGS |
| | | 12/31/2018 | $9,479.08 | REGULAR EARNINGS |
| | | 1/4/2019 | $506.77 | EXPENSE REIMBURSEMENT |
| | | 1/15/2019 | $11,916.60 | REGULAR EARNINGS |
| | | 1/18/2019 | $125,787.14 | OTHER EARNINGS |
| | | 1/31/2019 | $16,579.07 | REGULAR EARNINGS |
| | | 2/8/2019 | $231.47 | EXPENSE REIMBURSEMENT |
| | | 2/15/2019 | $9,551.76 | REGULAR EARNINGS |
| | | 2/28/2019 | $9,551.76 | REGULAR EARNINGS |
| | | 3/15/2019 | $9,551.76 | REGULAR EARNINGS |
| | | 3/29/2019 | $9,551.75 | REGULAR EARNINGS |
| | | 4/12/2019 | $314.77 | EXPENSE REIMBURSEMENT |
| | | 4/15/2019 | $9,551.76 | REGULAR EARNINGS |
| | | 4/30/2019 | $9,551.76 | REGULAR EARNINGS |
| | | 5/14/2019 | $151.89 | EXPENSE REIMBURSEMENT |
| | | 5/15/2019 | $9,551.76 | REGULAR EARNINGS |
| | | 5/31/2019 | $9,551.75 | REGULAR EARNINGS |
| | | 6/14/2019 | $9,551.77 | REGULAR EARNINGS |
| | | 6/28/2019 | $9,551.75 | REGULAR EARNINGS |
| | | 7/3/2019 | $215.50 | EXPENSE REIMBURSEMENT |
| | | 7/11/2019 | $237.96 | EXPENSE REIMBURSEMENT |
| | | 7/15/2019 | $9,539.68 | REGULAR EARNINGS |
| | | 7/31/2019 | $9,551.76 | REGULAR EARNINGS |
| | | 8/15/2019 | $9,551.76 | REGULAR EARNINGS |
| | | 8/21/2019 | $225.16 | EXPENSE REIMBURSEMENT |
| | | 8/28/2019 | $1,621.75 | EXPENSE REIMBURSEMENT |
| | | 8/30/2019 | $4,817.66 | REGULAR EARNINGS |
| | | 9/15/2019 | $7,122.19 | REGULAR EARNINGS |
| | | 9/17/2019 | $2,580.41 | EXPENSE REIMBURSEMENT |
| | | 9/30/2019 | $1,434.93 | EXPENSE REIMBURSEMENT |
| | | 9/30/2019 | $9,479.09 | REGULAR EARNINGS |
| | | 10/15/2019 | $512.59 | EXPENSE REIMBURSEMENT |
| | | 10/15/2019 | $9,479.09 | REGULAR EARNINGS |
| | | **SUBTOTAL** | $375,102.51 | |
| | | **TOTAL** | $809,697.89 | |

In re: Riverbend Foods, LLC                                                                                    Case Number: 19-24114

**Part 3:** Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy
Legal Actions of Assignments

7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits within 1 year before filing this case

| | CASE TITLE | CASE NUMBER | NATURE OF CASE | COURT OR AGENCY'S NAME AND ADDRESS | STATUS |
|---|---|---|---|---|---|
| 7.1 | BluJay Solutions, Inc. | No. 1:19-cv-10510-ADB | Services disagreement | United States District Court for District of Massachusetts Civil Appeal Action | |
| 7.2 | Natural Dairy Products Corp. | Case No. GD-19-10487 | failure to pay | Allegheny County Court of Common Pleas | Pending |
| 7.3 | Matthew Mawhinney/H.P. Gazzam | No. AR-19-4186 | failure to pay | Allegheny County Court of Common Pleas Case | Pending |
| 7.4 | Matthew Mawhinney/H.P. Gazzam | Case No. GD-19-4187 | failure to pay | Allegheny County Court of Common Pleas | Pending |
| 7.5 | Quality Code Consulting | Case No. AR-19-4023 | failure to pay | Allegheny County Court of Common Pleas | Pending |
| 7.6 | Hite Company | No. GD-19-12775 | failure to pay | Allegheny County Court of Common Pleas Case | Pending |
| 7.7 | Johnstown Material Handling Inc. | Case No. GD-19-8924 | failure to pay | Allegheny County Court of Common Pleas | Pending |
| 7.8 | Lubrication Technologies Inc. | Case No. GD-19-8546 | failure to pay | Allegheny County Court of Common Pleas | Pending |
| 7.9 | Gilson Engineering | Case No. AR-19-4183 | failure to pay | Allegheny County Court of Common Pleas | Pending |
| 7.10 | Configuration & Calibration Services | Case No. AR-19-4185 | failure to pay | Allegheny County Court of Common Pleas | Pending |
| 7.11 | Dehyrdrates Inc. | Case No. GD-19-8872 | failure to pay | Allegheny County Court of Common Pleas | Pending |
| 7.12 | More than Gourmet, Inc. | Civil Action No. 2:19-cv-808 | failure to pay | United States District Court for the Western District of Pennsylvania | Pending |
| 7.13 | Sun Pacific Products, Inc. | Case No. 19CECG01805 | failure to pay | Superior Court of California, Fresno County | Pending |
| 7.14 | Marchant-Schmidt, Inc. | Case No. 2019CV266 | failure to pay | Wisconsin Circuit Court Branch 3 | Appeal |
| 7.15 | Marchant-Schmidt, Inc. | Case No. 2019AP1757 | failure to pay | Wisconsin Court of Appeals | Pending |
| 7.16 | Cintas Corporation | Case No. GD 19-013525 | failure to pay | Allegheny County Court of Common Pleas | Pending |
| 7.17 | De Lage Landen Financial Services, Inc. | Case No. GD 19-14721 | failure to pay | Allegheny County Court of Common Pleas | Pending |

**In re:  Riverbend Foods, LLC**                                              **Case Number: 19-24114**

| Part 6: | **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy** |
|---|---|
| | Certain Payments or Transfers |

11.  Payments related to bankruptcy within 1 year prior to filing.

| | Name | Address | Email or website | Who made payment, if not debtor? | If not money describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|---|---|---|
| 11.1 | McGuire Woods | Tower Two-Sixty, 260 Forbes Avenue #1800, Pittsburgh, PA 15222 | www.McGuireWoods.com | Debtor | | various | $192,357.95 |
| 11.2 | BMC Group | 600 1st Avenue Suite 203 Seattle, WA 98104 | www3.bmcgroup.com | Debtor | | 9/20/2019 | $15,000.00 |
| 11.3 | Winter Harbor LLC | 265 Franklin St, Boston, MA 02110 | www.winterharborco.com | Debtor | | various | $926,455.33 |
| 11.4 | Laner Muchin | 515 North Stage Street Suite 2800 Chicago, IL  60654 | www.lanermuchin.com | Debtor | | 10/11/2109 | $10,000.00 |

**In re:  Riverbend Foods, LLC**                                              **Case Number:  19-24114**

| Part 6: | **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy** |
|---|---|

Certain Payments or Transfers

13.  Transfers not already listed on this statement

| | Recipient of Transfer<br>Name and address | Description of property transferred or payments<br>received or debts paid in exchange | Date transfer was<br>made | Total amount or<br>value |
|---|---|---|---|---|
| 13.1 | ACT Commodities<br>437 Madison Avenue<br>Suite 17A | Sale of Raw Materials | 9/16/2019 | $31,638.00 |
| 13.2 | Ameriqual Group LLC<br>18200 Highway 41 North<br>Evansville, IN  47725 | Sale of Fixed Assets | 10/8/2019 | $400,000.00 |
| 13.3 | Baxters Canada Inc.<br>4800 Pinyard Avenue<br>Saint-Hyacinthe,  QC  J2S 8EI | Sale of Fixed Assets | 8/15/2019 | $125,000.00 |
| 13.4 | Claims Solutions LLC<br>400 Civic Place  Suite 250<br>Southlake, TX  79092 | Sale of Insurance Claim | 5/13/2019 | $2,500,000.00 |
| 13.5 | FoodLink<br>229 Creekside Office Dr<br>Wentzville, MO  63385 | Sale of Raw Materials | 10/8/2019 | $308,200.00 |
| 13.6 | IPMF, LLC<br>4260 Capital Circle<br>Janesville, WI  53546 | Sale of Fixed Assets, Packaging and Ingredients, Tetra | 8/20/2019 | $2,408,192.00 |
| 13.7 | Lassonde Specialties<br>3810 Alfred Laliberte<br>Boisbriand,  QC  J7H 1P8<br>Canada | Sale of Fixed Assets | 10/4/2019 | $165,000.00 |
| 13.8 | M Davis Group<br>2300 Palmer St<br>Pittsburgh, PA  15218 | Sale of Fixed Assets | 9/5/2019 | $6,907.50 |
| 13.9 | M Davis Group<br>2300 Palmer St<br>Pittsburgh, PA  15218 | Sale of Fixed Assets | 8/9/2019 | $62,167.50 |
| 13.10 | M Davis Group<br>2300 Palmer St<br>Pittsburgh, PA  15218 | Sale of Fixed Assets | 12/21/2018 | $9,912.49 |
| 13.11 | M Davis Group<br>2300 Palmer St<br>Pittsburgh, PA  15218 | Sale of Fixed Assets | 12/13/2018 | $115,563.35 |
| 13.12 | Misc Sales | Sale of Fixed Assets | various | $46,965.11 |
| 13.13 | National Dry Company<br>30 Arrow Road<br>Toronto, Ontario  M9M 2L7 | Sale of Fixed Assets | 9/18/2019 | $81,500.00 |
| 13.14 | Tradewind Foods, Inc<br>PO Box 1467<br>Payamon, PR  00960-1467 | Sale of Fixed Assets | 9/5/2019 | $375,000.00 |
| | | | | $6,636,045.95 |

**In re:  Riverbend Foods, LLC**                         **Case Number:** 19-24114

**Part 9:**  **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**
Personally Identifiable Information

17.  Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k)
403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?

| | Name of Plan | Employer identification number of Plan | Has the Plan Been Terminated? |
|---|---|---|---|
| 17.1 | Riverbend Foods LLC Retirement Plan for Pittsburgh Hourly Employe | 82-1273859 | No |
| 17.2 | Western PA Teamsters and Employers Pension Fund | NA | No |
| 17.3 | Riverbend Foods, LLC 401(k) Plan | 82-1290739 – Plan #001 | No |

**In re: Riverbend Foods, LLC**                                                 **Case Number: 19-24114**

**Part 10:** **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**
Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

20. Off-premises storage where property kept within 1 year before filing.

| | Facility name | Facility address | Name of anyone with access to it | Address | Description of the contents | Does debtor still have it? Y/N) |
|---|---|---|---|---|---|---|
| 20.1 | RJW Warehouse LLC | 2601 International Pkwy Woodridge, IL 60517 | Riverbend employees and unknown third parties | PO BOX 1309, Bolingbrook, IL, 60440 | Houses finished goods for Walmart consisting of baby food and soup | Y |
| 20.2 | Commonwealth Warehousing Services, LLC (1) | 1600 W Carson St, Pittsburgh PA, 15219 | Riverbend employees and unknown third parties | 1600 West Carson Street, Pittsburgh, PA, 15219 | Houses finished goods and packaging materials | Y |
| 20.3 | Commonwealth Warehousing Services, LLC (2) | 2920 New Beaver Ave, Pittsburgh PA, 15233 | Riverbend employees and unknown third parties | 1600 West Carson Street, Pittsburgh, PA, 15219 | Houses finished goods and packaging materials | Y |
| 20.4 | Catch-Up Logistics | 211 Huff Avenue, Greensburg, PA, 15601 | Riverbend employees and unknown third parties | 211 Huff Avenue, Greensburg, PA, 15601 | Houses ambient temperature raw materials and packaging materials | Y |
| 20.5 | Allegheny Cold Storage | 16 57th St, Pittsburgh, PA 15201 | Riverbend employees and unknown third parties | 16 57th St, Pittsburgh, PA 15201 | Houses frozen/refrigerated raw materials | Y |
| 20.6 | Stahlbush Island Farms Inc | 3122 Stahlbush Island Road Corvallis, OR 97333 | Riverbend employees and unknown third parties | 3122 Stahlbush Island Road Corvallis. OR 97333 | Houses frozen raw materials | Y |
| 20.7 | Catch-Up Logistics | Building 105 Trolley Line Road Youngwood, PA  158697 | Riverbend employees and unknown third parties | 3122 Stahlbush Island Road Corvallis. OR 97333 | Houses ambient temperature raw materials and packaging materials | Y |

**In re:  Riverbend Foods, LLC**                     **Case Number: 19-24114**

| Part 11: | **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy** |
|----------|------------------------------------------------------------------------------|
|          | Property the Debtor Holds or Controls That the Debtor Does Not Own            |

21.  Property held for another

|  | Owner's name and address | Location of the property | Description of the proprty | Value |
|---|---|---|---|---|
| 21.1 | AMERICAN TELECOM CORP OF PA 1007 8TH AVE GLENSHAW, PA 15116-1733 | Warehouse 230 and 240 1080 River Avenue Pittsburgh, PA 15212 | Telephones and speakers for intercom system | $5,000.00 |
| 21.2 | CHEMTREAT INC 15045 COLLECTIONS CENTER DR CHICAGO, IL 60693-0001 | 1st Floor Near Hydro 1080 River Avenue Pittsburgh, PA 15212 | Storage Tanks for Bulk Chemicals | $2,000.00 |
| 21.3 | CINTAS CORPORATION 40 ABELE RD BRIDGEVILLE, PA 15017 | Mens and Womans Locker Rooms 1080 River Avenue Pittsburgh, PA 15212 | Bins Used to Throw Soiled Clothing for Cleaning | $1,000.00 |
| 21.4 | ROSS WELDING SUPPLIES INC 29 GRIMM RD TARENTUM, PA 15084-3000 | First Floor 1080 River Avenue Pittsburgh, PA 15212 | 1 Propane Tanks in use | $300.00 |
| 21.5 | WASTE MANAGEMENT PO BOX 43470 PHOENIZ, AZ 85080 | 1080 River Avenue Pittsburgh, PA 15212 | 2 Open Top Dumpsters & 2 Trash Compactors | $30,000.00 |
| 21.6 | TETRA PAK INC LEO PACYNA 3300 AIRPORT ORAD DENTON, TX 76207-2110 | 1600 W Carson St Pittsburgh, PA 15219 | Packaging | $282,981.18 |

**In re: Riverbend Foods, LLC**         **Case Number: 19-24114**

| Part 13: | **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy** |
|---|---|
| | Details About the Debtor's Business or Connections to Any Business |

26.  Books, records, and financial statements

   26a.  List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing the case

| | Name | Address | Begin Date of Service | End Date of Service |
|---|---|---|---|---|
| 26a.1 | Brad Balkovec | 1080 River Ave<br>Pittsburgh, PA 15212 | 01/10/2000 | 07/01/2019 |
| 26a.2 | John Harper | 1080 River Ave<br>Pittsburgh, PA 15212 | 04/02/2018 | 07/31/2019 |
| 26a.3 | Melissa Nelson | 1080 River Ave<br>Pittsburgh, PA 15212 | 05/25/2000 | 06/07/2019 |
| 26a.4 | Michelle Nickel | 1080 River Ave<br>Pittsburgh, PA 15212 | 01/15/2018 | 06/07/2019 |
| 26a.5 | Alexis Sturgeon | 1080 River Ave<br>Pittsburgh, PA 15212 | 10/16/2017 | 07/12/2019 |
| 26a.6 | David Taylor | 1080 River Ave<br>Pittsburgh, PA 15212 | 03/16/2000 | 07/31/2019 |
| 26a.7 | Winter Harbor LLC | 265 Franklin Street, 10th Floor<br>Boston, MA 02110 | 7/1/2019 | current |
| 26a.8 | Resource One | 1024 Executive Pkwy Dr.<br>St. Louis, MO 63141 | 2017 | current |
| 26a.9 | Michele Seaholm | 1080 River Ave<br>Pittsburgh, PA 15212 | 7/1/2019 | current |

In re:  **Riverbend Foods, LLC**                                    Case Number:   **19-24114**

| Part 13: | **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy** |
|---|---|
| | Details About the Debtor's Business or Connections to Any Business |

27.  Have any inventories of the debtor's property been taken within 2 years before filing this case?

Give the details about the two most recent inventories.

Inventory counts of finished goods were done by continuous cycle counting (there were 2 hourly employees responsible for this activity).  Raw materials were done by continuous cycle counts (4 hourly and 1 salary employee) then in May 2019 we did a complete physical at 1080 River Ave. in Pittsburgh (we had a team of 12 different people doing counts).  Packaging materials were cycle counted on a continuous basis (there were 4 to 6 different hourly and salary people counting).   Names of the employees involed in taking those inventories are:

| **Ingredient Cycle Counting (continuous)** | **Ingredient (full physical)** | **Finished Good Cycle Counting** |
|---|---|---|
| John Harper | John Harper | William Delancy |
| Daryl Dugan- Pfab | Frank Nelson | Joe Schindler |
| Frank Nelson | Rich Zeis | Greg Muse |
| Rich Zeis | Dave Pfab | Jackie Arnett |
| Dave Pfab | Tom Goodas | **Packaging Material Cycle Counting** |
| Tom Goodas | Gary Walsh | Dave Dembowski |
| Gary Walsh | George Robertson | Don Medfisch |
| George Robertson | Tony Gigliotti | Mike Kwiatkowski |
| Tony Gigliotti | Donna LaFronte | Mike Depastino |
| | Becky Ferrar | |
| | Dennis Rich | |
| | Tom Slack | |
| | Sarah Giebel | |
| | Dave Dembowski | |
| | Marty Azen | |
| | Mary Friel | |

**Name and address of the person who has posession of inventory records:**

27.1     Winter Harbor LLC
265 Franklin St
Boston, MA 02110

**In re:  Riverbend Foods, LLC**                                                        **Case Number: 19-24114**

| Part 13: | **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**<br>Details About the Debtor's Business or Connections to Any Business |
|---|---|

28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| | Name | Address | Position and Nature of Interest | % of Interest, if any |
|---|---|---|---|---|
| 28.1 | Riverbend Foods Holdings, LLC | 1080 River Avenue<br>Pittsburgh, PA 15212 | Sole Member | 100.00% |
| 28.2 | Thomas Lavan | 1080 River Avenue<br>Pittsburgh PA 15212 | Chief Executive Officer | |
| 28.3 | William Hood | 1080 River Avenue<br>Pittsburgh, PA 15212 | Chief Operating Officer | |
| 28.4 | Dalton Edgecomb | 265 Franklin Street, 10th Floor<br>Boston MA 02110 | Chief Restructuring Officer | |

In re:  Riverbend Foods, LLC                                                      Case Number:  19-24114

**Part 13:** **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**
Details About the Debtor's Business or Connections to Any Business

29.  Within 1 year before the filing of the case, list the officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold those positions

| | Name | Address | Position | Nature of Any Interest | Period During Which Position Was Held From - To |
|---|---|---|---|---|---|
| 29.1 | Brad Balkovec | 1080 River Ave, Pittsburgh, PA | Chief Financial Officer | None | 1/10/2000 - 7/01/2019 |
| 29.2 | Ted W. Beneski | 1400 Civic Place, Suite 250 Southlake, Texas 76092-7641 | Chairman of the Board | None | 5/22/2017 - 10/15/2019 |
| 29.3 | Victor Vescovo | 1400 Civic Place, Suite 250 Southlake, Texas 76092-7641 | Managing Director | None | 5/22/2017 - 10/15/2019 |
| 29.4 | Eliot Kerlin | 1400 Civic Place, Suite 250 Southlake, Texas 76092-7641 | Executive Director | None | 5/22/2017 - 10/15/2019 |
| 29.5 | Peter Jones | 1400 Civic Place, Suite 250 Southlake, Texas 76092-7641 | Executive Director | None | 5/22/2017 - 10/15/2019 |
| 29.6 | Andrew Boisseau | 1400 Civic Place, Suite 250 Southlake, Texas 76092-7641 | Executive Director | None | 5/22/2017 - 10/15/2019 |
| 29.7 | Fraser Desmond | 1400 Civic Place, Suite 250 Southlake, Texas 76092-7641 | Vice President | None | 5/22/2017 - 10/15/2019 |
| 29.8 | Warren Bonham | 1400 Civic Place, Suite 250 Southlake, Texas 76092-7641 | Executive Director | None | 5/22/2017 - 10/15/2019 |

Debtor: **Riverbend Foods, LLC**                                   Case number (if known): **19-24114**

## Part 13: Details About the Debtor's Business or Connections to Any Business

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws,  bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reasons for providing the value |
|---|---|---|---|
| **30.1** BALKOVEC, BRAD D | $5,961.63 | 10/15/2018 | REGULAR EARNINGS |
| 1080 RIVER AVE | $5,961.64 | 10/31/2018 | REGULAR EARNINGS |
| PITTSBURGH, PA 15212 | $885.15 | 11/1/2018 | EXPENSE REIMBURSEMENT |
| | $5,961.64 | 11/15/2018 | REGULAR EARNINGS |
| **Relationship to debtor** | $5,727.50 | 11/30/2018 | REGULAR EARNINGS |
| | $10.00 | 12/12/2018 | EXPENSE REIMBURSEMENT |
| CHIEF FINANCIAL OFFICER | $5,695.44 | 12/15/2018 | REGULAR EARNINGS |
| | $6,543.13 | 12/31/2018 | REGULAR EARNINGS |
| | $49.73 | 1/14/2019 | EXPENSE REIMBURSEMENT |
| | $7,055.66 | 1/15/2019 | REGULAR EARNINGS |
| | $50,880.14 | 1/18/2019 | OTHER EARNINGS |
| | $7,105.63 | 1/31/2019 | REGULAR EARNINGS |
| | $6,804.66 | 2/15/2019 | REGULAR EARNINGS |
| | $6,804.67 | 2/28/2019 | REGULAR EARNINGS |
| | $6,804.68 | 3/15/2019 | REGULAR EARNINGS |
| | $6,804.67 | 3/29/2019 | REGULAR EARNINGS |
| | $7,068.00 | 4/15/2019 | REGULAR EARNINGS |
| | $7,366.52 | 4/30/2019 | REGULAR EARNINGS |
| | $7,366.50 | 5/15/2019 | REGULAR EARNINGS |
| | $7,366.51 | 5/31/2019 | REGULAR EARNINGS |
| | $76.45 | 6/11/2019 | EXPENSE REIMBURSEMENT |
| | $7,366.50 | 6/14/2019 | REGULAR EARNINGS |
| | $7,366.52 | 6/28/2019 | REGULAR EARNINGS |
| | $594.30 | 7/15/2019 | REGULAR EARNINGS |
| SUBTOTAL | $173,627.27 | | |

Debtor: **Riverbend Foods, LLC**                                      Case number (if known):  **19-24114**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws,  bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reasons for providing the value |
|---|---|---|---|
| **30.2** HOOD, WILLIAM RICHARD<br>1080 RIVER AVE<br>PITTSBURGH, PA 15212 | $7,235.66 | 10/15/2018 | REGULAR EARNINGS |
| | $7,235.65 | 10/31/2018 | REGULAR EARNINGS |
| | $5,400.31 | 11/15/2018 | REGULAR EARNINGS |
| **Relationship to debtor** | $7,844.22 | 11/30/2018 | REGULAR EARNINGS |
| | $7,844.19 | 12/15/2018 | REGULAR EARNINGS |
| CHIEF OPERATING OFFICER | $2,606.10 | 12/18/2018 | EXPENSE REIMBURSEMENT |
| | $7,844.22 | 12/31/2018 | REGULAR EARNINGS |
| | $11,337.41 | 1/15/2019 | REGULAR EARNINGS |
| | $1,389.49 | 1/18/2019 | EXPENSE REIMBURSEMENT |
| | $65,791.28 | 1/18/2019 | OTHER EARNINGS |
| | $7,339.82 | 1/31/2019 | REGULAR EARNINGS |
| | $7,339.80 | 2/15/2019 | REGULAR EARNINGS |
| | $2,314.74 | 2/19/2019 | EXPENSE REIMBURSEMENT |
| | $6,863.89 | 2/28/2019 | REGULAR EARNINGS |
| | $6,863.88 | 3/15/2019 | REGULAR EARNINGS |
| | $6,863.89 | 3/29/2019 | REGULAR EARNINGS |
| | $6,846.72 | 4/15/2019 | REGULAR EARNINGS |
| | $7,711.65 | 4/30/2019 | REGULAR EARNINGS |
| | $8,137.41 | 5/15/2019 | REGULAR EARNINGS |
| | $8,137.41 | 5/31/2019 | REGULAR EARNINGS |
| | $139.95 | 6/6/2019 | EXPENSE REIMBURSEMENT |
| | $8,144.98 | 6/14/2019 | REGULAR EARNINGS |
| | $7,772.93 | 6/28/2019 | REGULAR EARNINGS |
| | $247.58 | 7/11/2019 | EXPENSE REIMBURSEMENT |
| | $7,235.65 | 7/15/2019 | REGULAR EARNINGS |
| | $7,161.00 | 7/31/2019 | REGULAR EARNINGS |
| | $7,404.32 | 8/15/2019 | REGULAR EARNINGS |
| | $7,404.30 | 8/30/2019 | REGULAR EARNINGS |
| | $7,404.39 | 9/15/2019 | REGULAR EARNINGS |
| | $46.71 | 9/15/2019 | EXPENSE REIMBURSEMENT |
| | $736.68 | 9/30/2019 | EXPENSE REIMBURSEMENT |
| | $7,160.94 | 9/30/2019 | REGULAR EARNINGS |
| | $7,160.94 | 10/15/2019 | REGULAR EARNINGS |
| **SUBTOTAL** | $260,968.11 | | |

Debtor: **Riverbend Foods, LLC**                                    Case number (if known): **19-24114**

---

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reasons for providing the value |
|---|---|---|---|
| **30.3** LAVAN, THOMAS<br>1080 RIVER AVE<br>PITTSBURGH, PA 15212 | $9,539.77 | 10/15/2018 | REGULAR EARNINGS |
| | $9,539.67 | 10/31/2018 | REGULAR EARNINGS |
| | $358.46 | 11/13/2018 | EXPENSE REIMBURSEMENT |
| **Relationship to debtor** | $9,539.68 | 11/15/2018 | REGULAR EARNINGS |
| | $9,539.67 | 11/30/2018 | REGULAR EARNINGS |
| CHIEF EXECUTIVE OFFICER | $191.68 | 12/7/2018 | EXPENSE REIMBURSEMENT |
| | $9,539.68 | 12/15/2018 | REGULAR EARNINGS |
| | $9,479.08 | 12/31/2018 | REGULAR EARNINGS |
| | $506.77 | 1/4/2019 | EXPENSE REIMBURSEMENT |
| | $11,916.60 | 1/15/2019 | REGULAR EARNINGS |
| | $125,787.14 | 1/18/2019 | OTHER EARNINGS |
| | $16,579.07 | 1/31/2019 | REGULAR EARNINGS |
| | $231.47 | 2/8/2019 | EXPENSE REIMBURSEMENT |
| | $9,551.76 | 2/15/2019 | REGULAR EARNINGS |
| | $9,551.76 | 2/28/2019 | REGULAR EARNINGS |
| | $9,551.76 | 3/15/2019 | REGULAR EARNINGS |
| | $9,551.75 | 3/29/2019 | REGULAR EARNINGS |
| | $314.77 | 4/12/2019 | EXPENSE REIMBURSEMENT |
| | $9,551.76 | 4/15/2019 | REGULAR EARNINGS |
| | $9,551.76 | 4/30/2019 | REGULAR EARNINGS |
| | $151.89 | 5/14/2019 | EXPENSE REIMBURSEMENT |
| | $9,551.76 | 5/15/2019 | REGULAR EARNINGS |
| | $9,551.75 | 5/31/2019 | REGULAR EARNINGS |
| | $9,551.77 | 6/14/2019 | REGULAR EARNINGS |
| | $9,551.75 | 6/28/2019 | REGULAR EARNINGS |
| | $215.50 | 7/3/2019 | EXPENSE REIMBURSEMENT |
| | $237.96 | 7/11/2019 | EXPENSE REIMBURSEMENT |
| | $9,539.68 | 7/15/2019 | REGULAR EARNINGS |
| | $9,551.76 | 7/31/2019 | REGULAR EARNINGS |
| | $9,551.76 | 8/15/2019 | REGULAR EARNINGS |
| | $225.16 | 8/21/2019 | EXPENSE REIMBURSEMENT |
| | $1,621.75 | 8/28/2019 | EXPENSE REIMBURSEMENT |
| | $4,817.66 | 8/30/2019 | EXPENSE REIMBURSEMENT |
| | $7,122.19 | 9/15/2019 | REGULAR EARNINGS |
| | $2,580.41 | 9/17/2019 | EXPENSE REIMBURSEMENT |
| | $1,434.93 | 9/30/2019 | EXPENSE REIMBURSEMENT |
| | $9,479.09 | 9/30/2019 | REGULAR EARNINGS |
| | $512.59 | 10/15/2019 | EXPENSE REIMBURSEMENT |
| | $9,479.09 | 10/15/2019 | REGULAR EARNINGS |
| **SUBTOTAL** | $375,102.51 | | |
| **TOTAL** | $809,697.89 | | |

---

**In re:  Riverbend Foods, LLC**                                          **Case Number:   19-24114**

| Part 13 | **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy** |
|---|---|
| | Details About the Debtor's Business or Connections to Any Business |

32. Within 6 years before filing this case, has the debtor as an employer been responsible
for contributing to a pension fund?

| | **Name of Plan** | **Employer identification number of Plan** |
|---|---|---|
| 32.1 | Riverbend Foods LLC Retirement Plan for Pittsburgh Hourly Employees | 82-1273859 |
| 32.2 | Western PA Teamsters and Employers Pension Fund | NA |